UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAL FIZER,

        Petitioner,

v.

        CASE NO. 2:09-CV-14310
        HONORABLE ARTHUR J. TARNOW
        UNITED STATES DISTRICT COURT

UNITED STATES OF AMERICA,

        Respondent.
_____/

**OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS BROUGHT PURSUANT TO 28 U.S.C. § 2241 AND REASSIGNING CASE TO JUDGE MARIANNE O. BATTANI FOR CONSIDERATION AS A MOTION TO VACATE SENTENCE BROUGHT PURSUANT TO 28 U.S.C. § 2255 AND DIRECTING THE CLERK OF THE COURT TO RE-FILE THE PLEADINGS IN THIS CASE UNDER CASE DOCKET # 2:07-CR-20593**

    Cal Fizer, ("Petitioner"), is presently residing in Grosse Isle, Michigan while awaiting notification from the United States Marshal's Service to report to a federal correctional facility to begin serving sentences for convictions for credit-card fraud, mail fraud, and aggravated identity theft, all contrary to 18 U.S.C. §§ 1029, 1341, and 1028A. Petitioner has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. 18 U.S.C. §§ 2241, 2254, and 2255, in which he challenges these convictions and sentences. For the reasons stated below, the petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 is SUMMARILY DENIED. The Court further orders that the petition be reassigned to United States District Judge Marianne O. Battani for

*Fizer v. United States of America,* 2:09-CV-14310 possible consideration as a motion to vacate sentence under 28 U.S.C. § 2255 in Case # 2:07-CR- 20593. [1]

## I. Background

Petitioner pleaded guilty to the above offenses before Judge Marianne O. Battani of the United States District Court for the Eastern District of Michigan. On May 14, 2009, petitioner was sentenced to forty six months in prison on the credit card fraud and mail fraud convictions, and received a consecutive twenty four month sentence on the aggravated identity theft conviction. Petitioner was ordered to report to prison when notified by the U.S. Marshal's Service. *United States v. Fizer,* U.S.D.C. No. 07-CR-20593-DT (E.D. Mich.)(Battani, J.).

On November 2, 2009, petitioner filed a petition for writ of habeas corpus with this Court pursuant to 28 U.S.C. 18 U.S.C. §§§ 2241, 2254, and 2255, in which he brings a number of challenges to his conviction and sentences.

## II. Discussion

A motion to vacate sentence under § 2255 is the proper avenue for relief as to a federal inmate's claims that his sentence was imposed in violation of the federal constitution or laws. *Capaldi v. Pontesso*, 135 F. 3d 1122, 1123 (6th Cir. 1998). A federal prisoner may bring a claim challenging his conviction or the imposition of sentence under 28 U.S.C. § 2241 only if it appears that the remedy afforded under §

---

[1] 28 U.S.C. § 2254 is inapplicable to petitioner's case, because he is challenging a federal conviction. *See Johnson v. Holt,* 331 Fed. Appx. 906 (3rd Cir. 2009). Section 2254 applies only to inmates who challenge their state court convictions. *See Lang v. United States,* 474 F. 3d 348, 351, n. 3 (6th Cir. 2007).

*Fizer v. United States of America,* 2:09-CV-14310

2255 is inadequate or ineffective to test the legality of the defendant's detention. *Charles v. Chandler*, 180 F. 3d 753, 756 (6th Cir. 1999). Habeas corpus is not an additional, alternative, or supplemental remedy to the motion to vacate, set aside, or correct the sentence. *Id.* at 758. The burden of showing that the remedy afforded under § 2255 is inadequate or ineffective rests with the petitioner. *In Re Gregory*, 181 F. 3d 713, 714 (6th Cir. 1999); *See also Griffin v. Herrera,* 212 F. Supp. 2d 707, 709 (E.D. Mich. 2002).

    In the present case, petitioner is challenging his conviction and sentence in his petition for writ of habeas corpus. As such, this Court must construe his petition as a motion to vacate sentence brought pursuant to 28 U.S.C.§ 2255. *Griffin v. Herrera,* 212 F. Supp. 2d at 710. Moreover, petitioner is unable to show that his post-conviction remedy under § 2255 is inadequate or ineffective, so as to permit him to challenge his conviction by means of a § 2241 habeas petition, because petitioner has never attempted to file a § 2255 motion to vacate sentence before the judge who sentenced him. An inmate convicted of a federal crime cannot claim that the post-conviction remedies that are available to him under § 2255 are inadequate or ineffective until he has unsuccessfully attempted to obtain post-conviction relief by filing a § 2255 motion. *Edwards v. United States,* 826 F. Supp. 423, 426 (M.D. Fla. 1993)(*citing to DeSimone v. Lacy,* 805 F. 2d 321 (8th Cir. 1986)). Because petitioner has never attempted to obtain post-conviction relief by filing a § 2255 motion, he cannot claim that this motion is ineffective. *Id.* Accordingly, the Court will dismiss the petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241.

*Fizer v. United States of America,* 2:09-CV-14310

A motion under § 2255 affords the same rights as a habeas corpus petition. *Davis v. United States*, 417 U.S. 333, 343-44 (1974); *In re Hanserd*, 123 F.3d 922, 925 (6th Cir. 1997)("Section 2255 is . . . a statutory remedy that Congress enacted to supplant habeas corpus for federal prisoners."). However, unlike federal habeas corpus proceedings, a motion under § 2255 is ordinarily presented to the judge who presided at the original conviction and sentencing of the prisoner. Rule 4(a), 28 U.S.C. foll. § 2255; E.D. Mich. LR 83.11(b)(6); *see also Hill v. United States*, 368 U.S. 424, 427 (1962); *In re Hanserd*, 123 F.3d at 925 ("Congress . . . enacted § 2255 largely to allow the court that imposed sentence, rather than a court that happened to be near a prison, to hear a collateral attack on that sentence.").

Because the instant petition should be construed solely as a motion to vacate sentence brought pursuant to 28 U.S.C. § 2255, this case should be reassigned to the judge who accepted petitioner's guilty plea and sentenced him. *See Lane v. United States,* 65 F. Supp. 2d 587, 588 (E.D. Mich. 1999).

### III.  ORDER

IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2241 is **SUMMARILY DENIED.**  Because a certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, *Witham v. United States,* 355 F. 3d 501, 504 (6th Cir. 2004), petitioner need not apply for one with this Court or with the Sixth Circuit before filing an appeal from the denial of his habeas petition.

*Fizer v. United States of America,* 2:09-CV-14310

**IT IS FURTHER ORDERED** that this case be reassigned to United States District Judge Marianne O. Battani, pursuant to Rule 4(a) of the Rules Governing Section 2255 Proceedings and Local Rule 83.11(b)(6), for consideration as a motion to vacate sentence under 28 U.S.C. § 2255.

**IT IS FURTHER ORDERED** that the Clerk of Court shall re-file in Case Docket # 2:07-CR-20593, Docket Entry No. 1 from Case Docket # 2:09-CV-14310.

S/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated: November 17, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 17, 2009, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary